LEROY SPRUNK AND IRENE SPRUNK, APPELLEES, V. HENRY DITTER AND MABEL DITTER, APPELLANTS.

306 N.W.2d 850

Filed June 12, 1981. No. 43436.

Thomas R. Burke and Lyman L. Larsen of Kennedy, Holland, DeLacy & Svoboda and Wilbur L. Johnson of Johnson & Skorupa for appellant.

Edward Asche for appellee.

Heard before BOSLAUGH, CLINTON, and BRODKEY, JJ., and REAGAN and NORTON, District Judges.

BOSLAUGH, J.

The defendants, Henry Ditter and Mabel Ditter, appeal from an order of the District Court entered on April 1, 1980, finding them in contempt for willfully failing to comply with the order of the District Court entered on January 29, 1979. The order directed the defendants to restore elevations on their land to those existing prior to 1963; to pay a fine of $500 and the costs of the proceeding; and to pay all costs and damages sustained by the plaintiffs because of the defendants' failure to comply with the previous order of the court. The defendant Henry Ditter was also sentenced to 15 days' imprisonment, but execution of the sentence was suspended upon condition that the defendants comply with the order.

The litigation arises out of a controversy concerning drainage across farmland in Platte County, Nebraska. The plaintiffs, Leroy Sprunk and Irene Sprunk, own the northeast quarter of the northeast quarter of Section 10, Township 17 North, Range 3 West of the 6th P.M. in Platte County, Nebraska. The defendants own the west half of the northwest quarter of Section 11, which lies directly east of the plaintiffs' land. Mildred Ditter and Darlene Whitlow own the west half of the northeast quarter and the east half of the northwest quarter of Section 10.

A natural depression or drainway runs through the land of Mildred Ditter and Darlene Whitlow, across the plaintiffs' land, and then across the defendants' land. Water drains across the plaintiffs' land, through two culverts under a road lying between the plaintiffs' and the defendants' land, and then across the defendants'

land where it empties into a ditch on the Union Pacific Railroad right-of-way.

In 1963 the defendants leveled their land and erected a dike along the west boundary of their land. The result was to obstruct the drainage of water from the plaintiffs' land. This action was commenced on August 26, 1964, to compel the defendants to remove the dike and restore their land to the elevations existing prior to 1963.

On April 18, 1975, the trial court found that the defendants had obstructed the natural flow of water in the drainway across their land, and ordered the defendants to remove the dike and artificial fills on their land which obstructed or impeded the natural flow of water and to restore their lands to the natural levels which existed prior to 1963. The plaintiffs were awarded damages in the amount of $2,632.13, and the defendants were enjoined from interfering with the flow of water in the natural drainway upon their land as it would flow in the natural course of drainage.

On May 7, 1976, the defendants were ordered to show cause why they should not be punished for contempt for failure to comply with the order of April 18, 1975. On June 18, 1977, the trial court found the defendants had failed to comply with the order of April 18, 1975, and they were given until December 15, 1977, to comply with the order. On January 29, 1979, this order was modified and the defendants were given until May 1, 1979, to comply with the order of the court. A further extension to July 1, 1979, was granted on June 5, 1979.

On September 19, 1979, the plaintiffs again filed a motion alleging the defendants had failed to comply with the order of January 29, 1979. The trial on this motion resulted in the order of April 1, 1980, from which this appeal was taken. No appeal was taken from any of the previous orders of the trial court. All orders previous to the order of April 1, 1980, became final, are res judicata, and are binding upon the defendants.

The defendants contend the order of April 1, 1980,

was erroneous because the defendants had substantially complied with the order of January 29, 1979; the "language of duty" in the order of January 29, 1979, was improperly expanded; the proceeding was barred by the rules of res judicata or double jeopardy; and there can be no recovery of damages in a contempt proceeding.

Since there was no appeal from the order of January 29, 1979, the issue now is limited to whether the record shows the defendants willfully failed to comply with that order. The disobedience of an injunction must be willful before a breach of it may be punished as a contempt. *Kasparek v. May*, 174 Neb. 732, 119 N.W.2d 512 (1963).

Much of the defendants' argument centers around the finding in the order of January 29, 1979, that "the plaintiffs have failed to prove beyond a reasonable doubt that the defendants have not removed the dike so as to restore their land at that point to the level existing prior to 1963." The defendants contend that evidence as to elevations in the dike area along the west boundary should not have been received or considered because the January 29, 1979, order was res judicata and determined that the dike area had been restored to pre-1963 levels. The problem with the defendants' argument is apparent when the language of the order is considered together with the previous orders.

The order of January 29, 1979, was a *partial* modification of the order of June 18, 1977, which found that the defendants had failed to completely remove the dike as required by the previous orders. The June 18, 1977, order found that "the elevations which should have been attained on the west side of the defendants' property" were those shown in column 1, letters A through H on exhibit 16B. The order further provided that to the extent the dike extends north or south from the designated elevations in column 1, "the dike should have been removed to elevations corresponding to the level of defendants' land immediately to the east of the dike."

The order of January 29, 1979, also referred to the order of April 18, 1975, which required that the dike construction be removed *and the lands be restored to conditions existing previous to the land-leveling operations and the construction of the dike.* The 1979 order found specifically that the defendants had "wilfully failed to restore the elevations on their lands to those existing prior to 1963. Those elevations and their locations on the defendants' lands are set forth on Exhibit 1, attached hereto and incorporated by reference."

Although the 1979 order found that the plaintiffs had failed to prove that the dike had not been removed, the trial court found that the evidence did show that the defendants had willfully failed to restore the elevations on their lands to those existing prior to 1963.

The elevations shown on exhibit 1, which was attached to and made a part of the order of January 29, 1979, were derived from the survey of the defendants' property made in 1962, before the leveling work took place. The 1962 survey determined elevations at stations 60 feet apart. The first row of stations east of the west boundary were located 60 feet east of the centerline of the road lying between the plaintiffs' land and the defendants' land. Since the road was 66 feet wide, the distance between the west fence line and the first row of stations east of the fence line was 27 feet. The principal controversy between the parties relates to the land between the fence line and the first row of stations east of the fence line.

After the order of January 29, 1979, the defendants did considerable work on their land but did nothing to reduce the elevations on the 27 feet lying west of the first row of stations. The result was that this land remained at the elevation resulting from the leveling work and was an artificial obstruction to water draining from the lands to the west and flowing through the culverts under the road west of the defendants' land.

This is illustrated by the elevations shown on exhibit 1 at the first four stations directly east of the 30-inch cul-

vert. The 1962 survey shows these elevations to be 47.5 feet. The evidence shows that after the land had been leveled, these elevations going from west to east were, respectively, 48.1, 47.6, 47.9, and 47.7 feet. In other words, for water to drain across the defendants' land as it had prior to 1963, the land at these stations had to be restored to an elevation of 47.5 feet and that elevation be maintained *between the fence line* and the first station. This was what the June 18, 1977, order required in reference to elevations to be attained "on the west side" of the defendants' property.

From our examination of the record we conclude that the defendants have not complied with the order of January 29, 1979, in that they have not restored their land to the elevations existing prior to 1963, particularly in the 27 feet directly east of the west fence line and in the area east of the culverts.

The order of April 1, 1980, is affirmed in all respects except as hereinafter modified. The defendants shall have an additional 90 days after the date on which the mandate of this court is filed in the District Court in which to comply with the order of April 1, 1980.

If the defendants were in doubt as to what was required to comply with the order of January 29, 1979, their proper remedy was to obtain the further advice and instructions of the trial court. As we stated in *Kasparek v. May*, 174 Neb. 732, 740, 119 N.W.2d 512, 518 (1963): "When there is a question as to what a court intends by its order, and one acts on his own interpretation, he does so at his peril."

However, in this case, because of the possibility of confusion resulting from the finding in the order of January 29, 1979, that the plaintiffs had not proved that the dike had not been removed so as to restore the land at that point to the level existing prior to 1963, we conclude that it would be inequitable to enforce that part of the order of April 1, 1980, which required the defendants to pay a fine of $500 and the defendant Henry Ditter to be imprisoned in the county jail for 15 days.

Accordingly, that part of the order is vacated.

Since an award of damages is improper in a contempt proceeding, that part of the order of April 1, 1980, relating to damages after January 29, 1979, is vacated. See *Kasparek v. May, supra.*

The order of April 1, 1980, as modified, is affirmed. All costs are taxed to the defendants.

AFFIRMED AS MODIFIED.

REAGAN, District Judge, concurring.

I concur with the majority opinion except for the conclusion that it would be inequitable to enforce the sanctions imposed upon the defendants.

Imposition of sanctions by a trial court after a contempt adjudication is an exercise of discretion that is reviewable only for an abuse of discretion. 17 C.J.S. *Contempt* § 124(5) (1963). In the case of *Smolczyk v. Gaston,* 147 Neb. 681, 686, 24 N.W.2d 862, 865-66 (1946), this court stated: "The trial court had the parties before him and had a better opportunity to judge the degree of willfulness and contumaciousness of the contempt than does this court. An examination of the record reveals ample evidence to sustain the action of the trial court. Unless an abuse of discretion is evident, offenses against the authority and dignity of a court must be left largely to the judgment of the court against which the offense was directed. Unless such a rule be followed, trial courts will be greatly handicapped in protecting the authority and dignity of the courts and in maintaining a public attitude of general obedience to law as announced by judicial pronouncement."

No abuse of discretion exists in this case. I would modify the trial court's order only to the extent the jail sentence of the defendant Henry Ditter would be suspended if he complied with the April 1, 1980, order within 90 days from the mandate of this court.